DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ohio and Vicinity Regional Council of Carpenters, etc., | ) ) ) | CASE NO. 3:04CV7234 |
| Plaintiff(s), | ) ) ) | ORDER |
| v. | ) ) | (Resolving Doc. No. 16) |
| Complete General Construction Co., | ) ) | |
| Defendant(s). | ) | |

**I**

The Court denied Plaintiff Ohio and Vicinity Regional Council of Carpenters' (the Carpenters) Motion for Summary Judgment on April 21, 2005. (Doc. No. 14.) Before the Court is the Carpenters' Motion for Reconsideration (Doc. No. 16). While the Carpenters do cite to case law which suggests a conclusion contrary to that reached by the Court, the Court will continue to rely on the law cited in its Memorandum Opinion and Order (Doc. No. 14). The Motion for Reconsideration, therefore, is DENIED.

(3:04CV7234)

## II

While a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it serves a legitimate and valuable role in certain situations. Nat'l Union Fire Ins. Co. v. Continental Illinois Corp., 116 F.R.D. 252, 253 (N.D. Ill. 1987) (citing Above The Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99 (E.D. Va. 1983)). Such a motion is typically treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). McDowell v. Dynamics Corp. of America, 931 F.2d 380, 382 (6th Cir. 1991) (citing Smith v. Hudson, 600 F.2d 60, 62 (6th Cir. 1979)). As such, it is not an opportunity for an unhappy litigant to reargue the case. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration are not substitutes for appeal nor are they vehicles whereby a party may present arguments inexplicably omitted in prior proceedings. Karr v. Castle, 768 F. Supp. 1087, 1093 (D. Del. 1991), aff'd sub nom United States v. Carper, 22 F.3d 303 (3d Cir. 1994), cert. denied sub nom Karr v. Carper, 513 U.S. 1084 (1995).

Generally, there are three major situations which justify a court reconsidering one of its orders: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." Kern-Tulare Water Dist. v. Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part, rev'd in part, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988). However, the motion for reconsideration must demonstrate to the court why it should reconsider its decision and set forth strongly convincing facts or law which would induce it to reverse its prior decision. Shields v. Shetler, 120 F.R.D. 123, 126 (D. Colo. 1988).

The Court denied the Carpenters' Motion for Summary Judgment holding that it is a question of

(3:04CV7234)

fact whether the arbitration award fails to draws its essence from the agreement.  The Carpenters contend that such a defense is waived and cannot be asserted in a motion to confirm if it is not raised within three months of the arbitration award.  In denying summary judgment, the Court relied upon United Steelworkers of Am. v. Roemer Industries, 68 F. Supp.2d 843 (N.D. Ohio 1999), and IBEW Local No. 573 v. Steen Elec., Inc., (N.D. Ohio 2002).

In Roemer, the court stated that in reviewing arbitration awards on a motion to confirm, "this Court is limited to examining whether the award violates public policy and whether the award 'draws its essence' from the CBA." 68 F. Supp.2d at 848.  The court then went on to examine whether the arbitrator's award drew its essence from the CBA, ultimately concluding that it did. Id. at 848-49.  In Steen Elec., the court again indicated that on a motion to confirm an arbitration award, it "is limited to examining whether the award violates public policy and whether the award 'draws its essence' from the collective bargaining agreement." 232 F. Supp.2d at 803 (citing Beacon Journal, 114 F.3d 596).  The defendant there, however, did not argue that the award either violated public policy or failed to draw its essence from the agreement. Id. at 804.  The defendant did raise procedural defenses, which the court denied as time barred because they were not raised within the three-month limitations period for filing a motion to vacate the award. Id. at 804-05.

The Carpenters cite Ohio Council 8, Am. Fed. of State, County & Mun. Employees v. Trumbull Mem'l Hosp., 124 F.Supp.2d 482 (N.D. Ohio 2000), in support of their argument that a claim that an arbitration award fails to draw its essence from the agreement must also be brought within the three-month limitations period for bringing a motion to vacate the award.  In Trumbull Mem'l

3

(3:04CV7234)

Hosp., the court, in a footnote, held that the defendant could not argue that the award failed to draw its essence from the agreement as a defense to the motion to confirm because the limitations period for filing a motion to vacate the arbitration award had elapsed. 124 F. Supp.2d at 484, fn. 1. The Carpenters also cite to Ohio & Vicinity Regional Council of Carpenters v. Precision Flooring, Inc. of NW Ohio, No. 3:04CV7025, 2004 WL 1618568 (N.D. Ohio July 20, 2004),[1] an unpublished opinion from this District, and the Eighth Circuit case of Sheet Metal Workers Int'l Ass'n, Local Union No. 36 v. Systemaire, Inc., 241 F.3d 972, 976 (8th Cir. 2001).

The Carpenters cite to no controlling precedent from the Sixth Circuit and only one published opinion from this District, an unpublished opinion from this District, and an Eighth Circuit opinion. These do not amount to the strongly convincing law which would induce the court to reverse its prior decision. In both Roemer and Steen Elec., published opinions from this District, the courts stated that on a motion to confirm an arbitration award courts may consider whether the award fails to draw its essence from the CBA. Indeed, the defenses that are deemed waived generally assert a flaw in the arbitration process, like those in Steen Elec., not defenses asserting that the arbitration award is void. An assertion that the award fails to draw its essence from the agreement, like an assertion that it violates public policy, is a different genre of defense which is not waived even if it is not asserted in a motion to

---

[1] In Precision Flooring, the court cited Trumbull Mem'l Hosp. for the proposition that the fails to draw its essence defense is waived if not asserted within three months. Precision Flooring, however, is an unpublished opinion and not controlling. Furthermore, while the court there styled the defense as a "fails to draw its essence" defense, the court analyzed the defense as a "lack of notice" argument, which this Court has recognized is waived if not raised. Id. at *2-4. Its persuasive weight, therefore, is further diminished.

4

(3:04CV7234)

vacate. The Motion for reconsideration, therefore, is DENIED.

### III

For the foregoing reasons, Plaintiff Ohio and Vicinity Regional Council of Carpenters' Motion for Reconsideration (Doc. No. 16.) is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| May 20, 2005 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |